# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE MANN WILLIAMS, | Case No. 1:12-cv-00730-DLB PC |
| Plaintiff, | **ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS** |
| v. | ECF No. 9 |
| MARISOL, et al., | |
| Defendants. | |

I.     **Background**

Plaintiff Horace Mann Williams ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On May 4, 2012, Plaintiff initiated this action by filing his complaint.  On November 27, 2012, the Court screened Plaintiff's complaint and found that it stated a cognizable First Amendment claim against Defendants Trimble, Agu, Valdivia, and Lopez, and a cognizable Eighth Amendment claim against Defendants Lopez, Valdivia, Marisol, and Agu.  Plaintiff was provided the opportunity to file an amended complaint or notify the Court that he wished to proceed on the cognizable claims only.  On December 20, 2012, Plaintiff filed his First Amended Complaint.  ECF No. 9.  The First Amended Complaint is before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

1    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

4    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

5    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

6    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7            A complaint must contain "a short and plain statement of the claim showing that the pleader

8    is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

9    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

10   do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

11   U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

12   claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

13   allegations are accepted as true, legal conclusions are not.  *Id.*

14   **II.    Summary of First Amended Complaint**

15           Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where

16   the events giving rise to this action occurred.  Plaintiff names as Defendants: associate warden

17   Marisol; correctional counselor Garza; correctional sergeant Sica; and correctional officers Valdivia,

18   Lopez, Agu, and Trimble.

19           Plaintiff alleges the following.  On December 9, 2009, Plaintiff was initially moved to

20   Facility C, Building 6, Cell 114.  First Am. Compl. ("FAC") ¶¶ 1, 6.  Plaintiff overheard Defendant

21   Valdivia telling inmate Tamayo, Plaintiff's new cell mate, that Tamayo did not want Plaintiff in his

22   cell as he was a homosexual and had a bad case.  FAC ¶ 7.  Inmate Tamayo later aggressively

23   entered the cell and demanded to know why Plaintiff did not inform Tamayo that he is a

24   homosexual.  FAC ¶ 11.  Plaintiff told Tamayo that he was not a homosexual.  FAC ¶ 12.  Inmate

25   Tamayo showed Plaintiff several CDCR documents which indicated Tamayo's history of violence,

26   especially against those who were homosexual.  FAC ¶ 18.  Between December 9 and December 15,

27   Plaintiff was subject to threats of violence by inmate Tamayo.  FAC ¶ 20.  Several inmates also

28   approached Plaintiff to solicit sexual acts and demand that drugs be brought into the institution via

2

Plaintiff's wheelchair.  FAC ¶ 21.  On December 14, 2009, Plaintiff approached Defendant Agu to inform him of the threats.  FAC ¶ 21.  Defendant Agu warned Plaintiff that Defendants Valdivia and Lopez do not like blacks, whether inmates or officers.  FAC ¶ 23.

On December 15, 2009, Plaintiff exited his cell with his property and approached Defendant Lopez, telling him that he could not remain in the cell and that he felt his life was in jeopardy.  FAC ¶ 25.  Inmate Tamayo was subsequently moved out of the cell.  FAC ¶ 28.  On December 20, 2009, Plaintiff completed an inmate appeal and submitted it to Defendant Agu.  FAC ¶¶ 29-30.  Defendant Agu accepted it and walked away, but then returned twenty minutes later, informing Plaintiff that the appeal box was missing.  FAC ¶¶ 30-33.  Plaintiff requested that Defendant Agu forward it to the appeals coordinator, but he refused, stating that he had to work with the racists.  FAC ¶¶ 34-35.

On December 21, 2009, Plaintiff submitted the inmate appeal to Defendant Trimble for forwarding.  FAC ¶ 37.  Defendant Trimble also refused, stating that he did not want to get involved with Plaintiff's issue with Defendant Valdivia.  FAC ¶¶ 38-39.  Plaintiff during evening mail presented the inmate appeal to Defendant Agu, this time for processing as legal mail.  FAC ¶ 41.  Defendant Agu accepted the envelope, looked through it, passed it back to Plaintiff for him to seal, and the envelope passed back to Defendant Agu.  FAC ¶ 42.

Plaintiff the next day approached Defendants Agu and Lopez, and asked Defendant Agu if the inmate appeal had been processed.  FAC ¶¶ 45-46.  Defendant Agu stated that it had not.   FAC ¶ 48.  Later, at Plaintiff's cell, Defendant Agu stated that it was not processed and told Plaintiff that Defendant Lopez took his appeal to Defendant Valdivia, who then tore it up.  FAC ¶ 50.

Plaintiff rewrote his appeal, and on December 23, 2009, during a medical appointment, presented the appeal to Defendant Garza, the acting correctional counselor II, describing Plaintiff's problems with Defendant Valdivia and other inmates.  FAC ¶¶ 51, 54, 55.  Defendant Garza refused to process it and stated that he would instruct the floor officer of the housing unit to accept it.  FAC ¶¶ 57, 58.  Defendant Trimble was the floor officer.  FAC ¶ 60. When Plaintiff presented the appeal, Defendant Trimble stated that he did not realize Plaintiff was the one, and refused to accept the appeal.  FAC ¶¶ 61.  Plaintiff instead placed the 602 appeal into the ADA appeals box with Defendant Trimble witnessing.  FAC ¶ 64.

On December 26, 2009, Plaintiff received a visit from his wife, and told her of his problems. FAC ¶¶ 67-68.  Defendant Marisol entered the visiting room.  FAC ¶ 70.  Plaintiff and his wife approached Defendant Marisol to tell her about Plaintiff's safety concerns and his problems with the appeals process.  FAC ¶¶ 72-73.  Defendant Marisol stated that she would look into the matter and call Plaintiff's wife.  FAC ¶ 75.  On January 1, 2010, Plaintiff's wife informed Plaintiff that she had not received a phone call.  FAC ¶ 76.

On January 7, 2010, Plaintiff went out to medical, and upon his return to Building 6, saw Defendant Sica at the tower entrance.  FAC ¶ 82.  Plaintiff informed Defendant Sica that he was having extreme difficulties submitting an appeal and that he was being threatened by inmates.  FAC ¶¶ 82-83.  Defendant Sica criticized Defendant Lopez directly for failing to run his unit properly, and noted to Plaintiff that his inmate appeal was still in the ADA appeals box.  FAC ¶¶ 86, 87.

On January 15, 2010, following Plaintiff complaining separately to the Investigative Services Unit ("ISU"), Plaintiff was interviewed by Sergeant Sells of ISU.  FAC ¶ 91.  Plaintiff informed sergeant Sells of his problems created by Defendant Valdivia's false allegation.  FAC ¶ 92.  Sergeant Sells stated that as soon as Plaintiff's issue crossed her desk she would look into the matter.  FAC ¶ 93.  On January 19, 2010, as Plaintiff exited his cell, Defendant Valdivia stated that Plaintiff was a black snitch, and that Plaintiff was going to be "fixed."  FAC ¶¶ 94, 95.  On January 22, 2010, Defendant Lopez stated that Plaintiff had "fucked up" and declared Plaintiff to be nothing but a child molester who would get beat.  FAC ¶ 97.  Defendant Lopez had a newspaper article concerning Plaintiff's arrest and conviction.  FAC ¶ 99.

On January 23, 2010, Defendant Lopez had Plaintiff moved from Facility C Building 6 to Building 7, with collusion between Defendants Sica and Valdivia.  FAC ¶ 101.  Plaintiff stated to Defendant Lopez that he had an enemy in Building 7, to which Defendant Lopez indicated that he did not care.  FAC ¶ 102.  Plaintiff was forced to move to Building 7.  FAC ¶ 104.  On January 28, 2010, an inmate in Building 7 who had previously threatened Plaintiff assaulted Plaintiff, causing further spine injuries to Plaintiff as he was thrown out of his wheelchair.  FAC ¶ 105.

On January 29, 2010, several inmates came to Plaintiff's cell and threatened Plaintiff with stabbing if he left his cell.  FAC ¶ 114.  Plaintiff observed several inmates looking at the article

4

pertaining to his case, which was previously in Defendant Lopez's possession.  FAC ¶ 115.  On February 4, 2010, Plaintiff filed an appeal requesting removal from the yard for safety concerns.  FAC ¶ 117.  Plaintiff returned to the program office and met with Defendant Sica, informing Defendant Sica of the threats.  FAC ¶ 119.  Defendant Sica initially refused to move Plaintiff, merely informing building staff to put a cap on Plaintiff's cell.  FAC ¶ 120.  On several occasions, however, inmates would attempt to get into the cell to harm Plaintiff.  Plaintiff was then escorted back to Defendant Sica, who asked for information on the threatening inmates.  FAC ¶ 121.  Plaintiff was then transferred to administrative segregation for safety reasons.  FAC ¶ 123.

Plaintiff contends a violation of his right to file inmate grievances, failure to protect, and violation of due process.  Plaintiff requests as relief: declaratory relief, compensatory and punitive damages.[1]

## III.   Analysis

### A.   First Amendment

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "'(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.'" *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Plaintiff states a First Amendment claim against Defendants Valdivia, Agu, Lopez, and Trimble.  Plaintiff alleges facts which indicate that Defendants Valdivia and Lopez made threatening statements against Plaintiff because he had prepared an appeal regarding Defendant Valdivia's conduct.  Plaintiff also alleges that Defendant Lopez transferred Plaintiff to a building with a known

---

[1] Plaintiff's requests for injunctive relief are moot.  Plaintiff is no longer incarcerated at KVSP.  Transfer to another prison renders that relief moot absent some evidence of being transferred back.  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

1    enemy and provided other inmates with an article concerning Plaintiff's conviction, which are

2    sufficient adverse actions for retaliation.  Plaintiff alleges that Defendants Trimble and Agu refused

3    to accept Plaintiff's appeal because he had written one against Defendant Valdivia.

4         Plaintiff fails to state a claim against Defendant Garza.  Plaintiff alleges that Defendant

5    Garza refused to process Plaintiff's appeal.  However, Plaintiff also alleges that Defendant Garza

6    called Plaintiff's building to tell the floor officer to process it.  Thus, Plaintiff has not alleged facts

7    which indicate that Defendant Garza chilled Plaintiff's First Amendment rights.

8         **B.    Eighth Amendment**

9         The Eighth Amendment protects prisoners from inhumane methods of punishment and from

10   inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

11   Extreme deprivations are required to make out a conditions of confinement claim, and only those

12   deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to

13   form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)

14   (citations and quotations omitted).  The deliberate indifference standard involves an objective and a

15   subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . .

16   ."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

17   Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or

18   safety . . . ."  *Id.* at 837.  Mere negligence on the part of the official is not sufficient to establish

19   liability, but rather, the official's conduct must have been wanton.  *Id.* at 835.

20        Plaintiff sufficiently alleges a serious harm.  Plaintiff states an Eighth Amendment claim

21   against Defendant Valdivia.  Plaintiff alleges that Defendant Valdivia told inmate Tamayo that

22   Plaintiff was a homosexual, which led to inmate Tamayo and other inmates threatening Plaintiff.

23   Plaintiff states an Eighth Amendment claim against Defendant Lopez.  Plaintiff alleges that

24   Defendant Lopez transferred Plaintiff to a building with a known enemy, and informed other inmates

25   of the nature of Plaintiff's crime.  These other inmates threatened Plaintiff with violence, and

26   Plaintiff's known enemy assaulted Plaintiff.

27        Plaintiff fails to state a claim regarding conspiracy by Defendants Sica and Valdivia to

28   transfer Plaintiff to a building with a known enemy.  A conspiracy claim brought under § 1983

6

1  requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin*

2  *v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge*

3  *Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of

4  constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v.*

5  *Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each

6  participant in the conspiracy need not know the exact details of the plan, but each participant must at

7  least share the common objective of the conspiracy.'"  *Franklin*, 312 F.3d at 441 (quoting *United*

8  *Steel Workers*, 865 F.2d at 1541).  Plaintiff fails to allege facts which indicate that Defendants Sica

9  and Valdivia conspired to transfer Plaintiff to a building with a known enemy.

10         Plaintiff states an Eighth Amendment claim against Defendant Agu.  Plaintiff alleges that he

11 informed Defendant Agu of his safety concerns because of Defendant Valdivia's actions, and

12 Defendant Agu failed to act to prevent the serious harm.

13         Plaintiff states an Eighth Amendment claim against Defendant Marisol.  Plaintiff alleges that

14 he informed Defendant Marisol of his safety concerns because of Defendant Valdivia's actions, and

15 Defendant Marisol failed to act to prevent the serious harm.

16         Plaintiff states an Eighth Amendment claim against Defendant Sica.  Plaintiff alleges that he

17 informed Defendant Sica of his safety concerns because of Defendant Valdivia's actions, and

18 Defendant Sica failed to act to prevent the serious harm.

19         **C.      Due Process**

20         Plaintiff alleges that Defendants Marisol, Garza, and Sica's failure to act after being notified

21 that Defendants Valdivia, Lopez, Agu, and Trimble obstructed his submission of an inmate appeal

22 violated his due process rights under the Fourteenth Amendment. Plaintiff fails to state a claim.  The

23 existence of an inmate appeals process does not create a due process right upon which Plaintiff may

24 base a claim that he was denied a particular result or that the appeals process was deficient.  *Ramirez*

25 *v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

26         **D.      Supervisory Defendants**

27         The term "supervisory liability," loosely and commonly used by both courts and litigants

28 alike, is a misnomer.  *Iqbal*, 556 U.S. at 677.  "Government officials may not be held liable for the

7

unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As stated previously, Plaintiff states a claim against Defendants Sica and Marisol.

**IV.    Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.   This action proceed against Defendants Valdivia, Agu, Lopez, and Trimble for violation of the First Amendment;

2.   This action proceeds against Defendants Marisol, Sica, Agu, Valdivia, and Lopez for violation of the Eighth Amendment; and

3.   Defendant Garza and all other claims are dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   __May 9, 2013__            _____ /s/ *Dennis L. Beck*
                                           UNITED STATES MAGISTRATE JUDGE