# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE MANN WILLIAMS, | ) 1:12cv00730 LJO DLB PC )  |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' ) MOTION TO STRIKE SUR-REPLY |
| vs. | ) (Document 35) ) |
| MARISOL, et al., | ) ORDER STRIKING PLAINTIFF'S ) SUR-REPLY |
| Defendants. | ) (Document 33) |

Plaintiff Horace Mann Williams ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  This action is proceeding on Plaintiff's First Amended Complaint on the following claims:  (1) violation of the First Amendment against Defendants Valdivia, Agu, Lopez, and Trimble; (2) violation of Eighth Amendment against  Defendants Marisol, Sica, Agu, Valdivia, and Lopez.

On October 19, 2013, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and under the unenumerated provisions of Federal Rule of Civil Procedure 12(b).  Plaintiff filed his opposition on January 27, 2014, and Defendants filed their reply on February 3, 2014.

On March 17, 2014, Plaintiff filed a "Supplemental Response to Plaintiffs Opposition to Defendant's Motion to Dismiss."  ECF No. 33.

1

On March 26, 2014, Defendants filed a motion to strike the "Supplemental Response to Plaintiffs Opposition to Defendant's Motion to Dismiss." Plaintiff did not oppose the motion. The motion is submitted pursuant to Local Rule 230(l).

Parties do not have the right to file sur-replies and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file a sur-reply with disfavor. Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a sur-reply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable sur-reply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this instance, Plaintiff's sur-reply was not authorized by the Court and only serves to repeat arguments made in his opposition. Accordingly, the Court GRANTS Defendants' motion to strike and STRIKES Plaintiff's March 17, 2014, sur-reply (ECF No. 33).

IT IS SO ORDERED.

Dated:  **August 25, 2014**          /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE

2