# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE MANN WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MARISOL, et al.,<br><br>　　　　Defendants. | ) 1:12cv00730 LJO DLB PC<br>)<br>)<br>) ORDER TO SHOW CAUSE WHY<br>) DEFENDANT MARISOL SHOULD NOT BE<br>) DISMISSED PURSUANT TO RULE 4(M)<br>)<br>) THIRTY-DAY RESPONSE DEADLINE<br>)<br>) |

Plaintiff Horace Mann Williams ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint on the following claims: (1) violation of the First Amendment against Defendants Valdivia, Agu, Lopez, and Trimble; and (2) violation of the Eighth Amendment against Defendants Marisol, Sica, Agu, Valdivia, and Lopez. To date, Defendants Valdivia, Agu, Lopez, Trimble, and Sica have been served and have appeared in this action.

On March 26, 2014, service was returned unexecuted as to Defendant Marisol.

## **DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 120 days after the complaint is filed, the court -

on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Marisol. Using information provided by Plaintiff on May 23, 2013, the Marshal contacted the Litigation Department at Kern Valley State Prison. The Litigation Coordinator notified the Marshal that there has never been any such person employed at Kern Valley State Prison. The Litigation Coordinator stated that there is no current staff member with that name, and there has never been an associate warden at Kern Valley State Prison with that name.

Plaintiff shall be provided with an opportunity to show cause why Defendant Marisol should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Marisol shall be dismissed from this action.

///

**ORDER**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Marisol should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Marisol from this action.

IT IS SO ORDERED.

Dated:  **September 10, 2014**          /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE