# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE MANN WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARISOL, et al.,<br><br>　　　　Defendants. | Case No.  1:12-cv-00730 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENAS DUCES TECUM<br><br>[ECF No. 56] |

Plaintiff Horace Mann Williams ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's First Amended Complaint on the following claims: (1) violation of the First Amendment against Defendants Valdivia, Agu, Lopez, and Trimble; and (2) violation of the Eighth Amendment against Defendants Marisol, Sica, Agu, Valdivia, and Lopez.

## DISCUSSION

On September 12, 2014, Plaintiff filed a motion for the Clerk of Court to issue subpoenas duces tecum to the following non-parties to this action: B. DaViega, Tarnoff, and Hernandez. Plaintiff states these non-parties have explicit knowledge and documentation which is vital to the matter now before the Court.

As an initial matter, it is unclear what type of discovery Plaintiff seeks.  Plaintiff simply

1

states that these individuals have "knowledge and documentation," but he does not specifically state what he seeks.

**Rule 45**

To the extent Plaintiff seeks documents, he is entitled to seek documents or tangible things from third parties via the issuance of a subpoena duces tecum under Federal Rule of Civil Procedure 45, which would be served by the United States Marshal given that Plaintiff is proceeding in forma pauperis. However, Plaintiff must describe the documents he is seeking and specify from whom he is seeking the documents. In addition, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena. Fed. R. Civ. P. 26(b), 34(a)(1). Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends. Fed. R. Civ. P. 26(b). Further, discovery has been opened only to the limited issue of exhaustion.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for the Clerk of Court to issue subpoenas duces tecum is DENIED.

IT IS SO ORDERED.

Dated: __September 17, 2014__          /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE