# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE MANN WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARISOL, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00730 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT<br><br>[ECF No. 74] |

Plaintiff Horace Mann Williams, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 4, 2012. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 27, 2012, the Court screened the complaint and directed Plaintiff to file an amended complaint or notify the Court of his willingness to proceed only on claims found to be cognizable. On December 20, 2012, Plaintiff filed a First Amended Complaint ("FAC"). On May 13, 2013, the Court dismissed certain claims and defendants. On November 24, 2014, Plaintiff filed a motion to amend the FAC to reflect the fact that Plaintiff had filed one previous lawsuit while a state prisoner.

Rule 15(a) of the Federal Rules of Civil Procedure provides that Plaintiff may amend with leave of the court, and leave shall be freely given when justice so requires. Fed. R. Civ. P.

1

1 15(a).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so 2 requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) 3 (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the 4 amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue 5 delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is 6 insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, 7 Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th 8 Cir. 1999)).  However, "'[w]here the party seeking amendment knows or should know of the 9 facts upon which the proposed amendment is based but fails to include them in the original 10 complaint, the motion to amend may be denied,'" E.E.O.C. v. Boeing, Co., 843 F.2d 1213, 1222 11 (9th Cir. 1988) (quoting Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), 12 vacated on other grounds, 459 U.S. 810, 103 S.Ct. 35 (1982)), and the "court's discretion to deny 13 leave to amend is particularly broad where the court has already given the plaintiff an 14 opportunity to amend his complaint," Fidelity Financial Corp. v. Federal Home Loan Bank of 15 San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

16 Here, Plaintiff seeks to file an amended complaint to reflect the fact that he has filed one 17 previous lawsuit.  The Court does not find good cause to grant Plaintiff leave to file a second 18 amended complaint at this stage in the proceedings.  Defendant Lopez filed an answer on 19 November 3, 2014, and Defendants Agu, Sica, and Trimble filed an answer on December 1, 20 2014.  Moreover, the information Plaintiff seeks to correct is not relevant to the issues in this 21 case.

**ORDER**

23 Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to amend his FAC is 24 DENIED.

IT IS SO ORDERED.

Dated:   **December 8, 2014**                    /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28