1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  HORACE MANN WILLIAMS,                     Case No. 1:12-cv-00730 LJO DLB PC

11          Plaintiff,                        FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING DEFENDANTS'
12      v.                                    MOTIONS FOR SUMMARY JUDGMENT
                                              FOR FAILURE TO EXHAUST BE
13  MARISOL, et al.,                          GRANTED IN PART AND DENIED IN
                                              PART
14          Defendants.
                                              [ECF Nos. 22, 34]
15
                                         /    THIRTY-DAY OBJECTION DEADLINE
16

17  **I.      Procedural History**

18          Plaintiff Horace Mann Williams ("Plaintiff"), a state prisoner proceeding pro se and in

19  forma pauperis, filed this civil rights action on May 4, 2012. 42 U.S.C. § 1983.

20          On May 13, 2013, the Court screened Plaintiff's First Amended Complaint ("FAC") and

21  found cognizable claims against 1) Defendants Valdivia, Agu, Lopez, and Trimble for retaliation

22  in violation of the First Amendment; and 2) Defendants Marisol[1], Sica, Agu, Valdivia, and Lopez

23  for failure to protect Plaintiff from serious harm in violation of the Eighth Amendment. The Court

24  dismissed all other claims and Defendants.

25          On October 9, 2013, Defendants Agu, Valdivia, Sica and Trimble filed a motion to dismiss

26  under Fed. R. Civ. P. 12(b)(6) on the grounds that the FAC fails to state a claim upon which relief

27  may be granted, and under the unenumerated provisions of Fed. R. Civ. P. 12(b) on the ground

28

---

[1] Defendant Marisol was dismissed from the action on October 31, 2014.

1  that Plaintiff failed to exhaust administrative remedies before he filed suit.  Plaintiff filed an

2  opposition on January 27, 2014.  Defendants filed a reply on February 3, 2014.

3      On March 26, 2014, Defendant Lopez filed a motion to dismiss under the unenumerated

4  provisions of Fed. R. Civ. P. 12(b) on the ground that Plaintiff failed to exhaust his available

5  administrative remedies before he filed suit.  Plaintiff filed an opposition on June 16, 2014.

6  Defendant filed a reply on June 23, 2014.

7      On April 16, 2014, following the Ninth Circuit's decision in Albino v. Baca, 747 F.3d

8  1162 (9th Cir. 2014), the Court issued an Order converting the exhaustion portion of Defendants'

9  motions to dismiss to motions for summary judgment.  On October 31, 2014, the Court denied

10 Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the ground that the FAC fails to

11 state a claim upon which relief may be granted by Defendants Agu, Valdivia, Sica, and Trimble.

12 Still pending before the Court are Defendants' motions for summary judgment for failure to

13 exhaust available administrative remedies.  The motions are deemed submitted pursuant to Local

14 Rule 230(l).

15 **II.    <u>Legal Standard</u>**

16     Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

17 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

18 confined in any jail, prison, or other correctional facility until such administrative remedies as are

19 available are exhausted."  42 U.S.C. § 1997e(a).  This statutory exhaustion requirement applies to

20 all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002)

21 (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by

22 the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and unexhausted claims

23 may not be brought to court, Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007) (citing

24 Porter, 534 U.S. at 524).

25     The failure to exhaust is an affirmative defense, and the defendants bear the burden of

26 raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166.

27 "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may

28 move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants

1  must produce evidence proving the failure to exhaust, and they are entitled to summary judgment

2  under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff,

3  shows he failed to exhaust. Id.

4        Any party may move for summary judgment, and the Court shall grant summary

5  judgment if the movant shows that there is no genuine dispute as to any material fact and the

6  movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted);

7  Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).

8  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1)

9  citing to particular parts of materials in the record, including but not limited to depositions,

10  documents, declarations, or discovery; or (2) showing that the materials cited do not establish the

11  presence or absence of a genuine dispute or that the opposing party cannot produce admissible

12  evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may

13  consider other materials in the record not cited to by the parties, although it is not required to do

14  so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031

15  (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

16        The defendants bear the burden of proof in moving for summary judgment for failure to

17  exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative

18  remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants

19  carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence

20  showing that there is something in his particular case that made the existing and generally

21  available administrative remedies effectively unavailable to him." Id. This requires the plaintiff

22  to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig.,

23  627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106

24  S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner

25  shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino,

26  747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be

27  denied, and the district judge rather than a jury should determine the facts." Id.

28  ///

3

1  **III.    Discussion**

2       **A.     Description of CDCR's Administrative Remedy Process**

3       Plaintiff is a state prisoner in the custody of the California Department of Corrections and

4  Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances.

5  Cal. Code Regs. tit. 15, § 3084.1 (2014).  Compliance with section 1997e(a) is mandatory and

6  state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit

7  in federal court.  Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); Sapp v. Kimbrell,

8  623 F.3d 813, 818 (9th Cir. 2010).  The administrative remedy process is initiated by submitting a

9  CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision

10  being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3)

11  upon receiving an unsatisfactory departmental response to an appeal filed.  Tit. 15, §§ 3084.2(a),

12  3084.8(b)(1) (quotation marks omitted).  The appeal must "describe the specific issue under

13  appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall

14  describe their involvement in the issue."  § 3084.2(a).  Furthermore, the inmate "shall state all

15  facts known and available to him/her regarding the issue being appealed at the time of submitting

16  the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment."  §

17  3084.2(a)(4).

18       **B.     Parties' Positions**

19            **1.     Plaintiff's Allegations**

20       Plaintiff alleges that on December 9, 2009, while housed at Kern Valley State Prison,

21  Plaintiff was moved to Facility C, Building 6, Cell 114. FAC ¶¶ 1, 6. Plaintiff overheard

22  Defendant Valdivia telling inmate Tamayo, Plaintiff's new cell mate, that Tamayo did not want

23  Plaintiff in his cell as he was a homosexual and had a bad case. FAC ¶ 7. Inmate Tamayo later

24  aggressively entered the cell and demanded to know why Plaintiff did not inform Tamayo that he

25  is a homosexual. FAC ¶ 11. Plaintiff told Tamayo that he was not a homosexual. FAC ¶ 12.

26  Inmate Tamayo showed Plaintiff several CDCR documents which indicated Tamayo's history of

27  violence, especially against those who were homosexual. FAC ¶ 18. Between December 9 and

28  December 15, Plaintiff was subject to threats of violence by inmate Tamayo. FAC ¶ 20. Several

inmates also approached Plaintiff to solicit sexual acts and demand that drugs be brought into the institution via Plaintiff's wheelchair. FAC ¶ 21. On December 14, 2009, Plaintiff approached Defendant Agu to inform him of the threats. FAC ¶ 21. Defendant Agu warned Plaintiff that Defendants Valdivia and Lopez do not like blacks, whether inmates or officers. FAC ¶ 23.

On December 15, 2009, Plaintiff exited his cell with his property and approached Defendant Lopez, telling him that he could not remain in the cell and that he felt his life was in jeopardy. FAC ¶ 25. Inmate Tamayo was subsequently moved out of the cell. FAC ¶ 28. On December 20, 2009, Plaintiff completed an inmate appeal and submitted it to Defendant Agu. FAC ¶¶ 29-30. Defendant Agu accepted it and walked away, but then returned twenty minutes later, informing Plaintiff that the appeal box was missing. FAC ¶¶ 30-33. Plaintiff requested that Defendant Agu forward it to the appeals coordinator, but he refused, stating that he had to work with the racists. FAC ¶¶ 34-35.

On December 21, 2009, Plaintiff submitted the inmate appeal to Defendant Trimble for forwarding. FAC ¶ 37. Defendant Trimble also refused, stating that he did not want to get involved with Plaintiff's issue with Defendant Valdivia. FAC ¶¶ 38-39. Plaintiff during evening mail presented the inmate appeal to Defendant Agu, this time for processing as legal mail. FAC ¶ 41. Defendant Agu accepted the envelope, looked through it, passed it back to Plaintiff for him to seal, and the envelope passed back to Defendant Agu. FAC ¶ 42.

Plaintiff the next day approached Defendants Agu and Lopez, and asked Defendant Agu if the inmate appeal had been processed. FAC ¶¶ 45-46. Defendant Agu stated that it had not. FAC ¶ 48. Later, at Plaintiff's cell, Defendant Agu stated that it was not processed and told Plaintiff that Defendant Lopez took his appeal to Defendant Valdivia, who then tore it up. FAC ¶ 50.

Plaintiff rewrote his appeal, and on December 23, 2009, during a medical appointment, presented the appeal to Defendant Garza, the acting correctional counselor II, describing Plaintiff's problems with Defendant Valdivia and other inmates. FAC ¶¶ 51, 54, 55. Defendant Garza refused to process it and stated that he would instruct the floor officer of the housing unit to accept it. FAC ¶¶ 57, 58. Defendant Trimble was the floor officer. FAC ¶ 60. When Plaintiff presented the appeal, Defendant Trimble stated that he did not realize Plaintiff was the one, and

refused to accept the appeal. FAC ¶¶ 61. Plaintiff instead placed the 602 appeal into the ADA appeals box with Defendant Trimble witnessing. FAC ¶ 64.

On December 26, 2009, Plaintiff received a visit from his wife, and told her of his problems. FAC ¶¶ 67-68. Defendant Marisol entered the visiting room. FAC ¶ 70. Plaintiff and his wife approached Defendant Marisol to tell her about Plaintiff's safety concerns and his problems with the appeals process. FAC ¶¶ 72-73. Defendant Marisol stated that she would look into the matter and call Plaintiff's wife. FAC ¶ 75. On January 1, 2010, Plaintiff's wife informed Plaintiff that she had not received a phone call. FAC ¶ 76.

On January 7, 2010, Plaintiff went out to medical, and upon his return to Building 6, saw Defendant Sica at the tower entrance. FAC ¶ 82. Plaintiff informed Defendant Sica that he was having extreme difficulties submitting an appeal and that he was being threatened by inmates. FAC ¶¶ 82-83. Defendant Sica criticized Defendant Lopez directly for failing to run his unit properly, and noted to Plaintiff that his inmate appeal was still in the ADA appeals box. FAC ¶¶ 86, 87.

On January 15, 2010, following Plaintiff complaining separately to the Investigative Services Unit ("ISU"), Plaintiff was interviewed by Sergeant Sells of ISU. FAC ¶ 91. Plaintiff informed sergeant Sells of his problems created by Defendant Valdivia's false allegation. FAC ¶ 92. Sergeant Sells stated that as soon as Plaintiff's issue crossed her desk she would look into the matter. FAC ¶ 93. On January 19, 2010, as Plaintiff exited his cell, Defendant Valdivia stated that Plaintiff was a black snitch, and that Plaintiff was going to be "fixed." FAC ¶¶ 94, 95. On January 22, 2010, Defendant Lopez stated that Plaintiff had "fucked up" and declared Plaintiff to be nothing but a child molester who would get beat. FAC ¶ 97. Defendant Lopez had a newspaper article concerning Plaintiff's arrest and conviction. FAC ¶ 99.

On January 23, 2010, Defendant Lopez had Plaintiff moved from Facility C Building 6 to Building 7, with collusion between Defendants Sica and Valdivia. FAC ¶ 101. Plaintiff stated to Defendant Lopez that he had an enemy in Building 7, to which Defendant Lopez indicated that he did not care. FAC ¶ 102. Plaintiff was forced to move to Building 7. FAC ¶ 104. On January 28, 2010, inmate Beck, an inmate in Building 7 who had previously threatened Plaintiff, assaulted

1    Plaintiff, causing further spine injuries to Plaintiff as he was thrown out of his wheelchair. FAC ¶

2    105.

3           On January 29, 2010, several inmates came to Plaintiff's cell and threatened Plaintiff with

4    stabbing if he left his cell. FAC ¶ 114. Plaintiff observed several inmates looking at the article

5    pertaining to his case, which was previously in Defendant Lopez's possession. FAC ¶ 115. On

6    February 4, 2010, Plaintiff filed an appeal requesting removal from the yard for safety concerns.

7    FAC ¶ 117. Plaintiff returned to the program office and met with Defendant Sica, informing

8    Defendant Sica of the threats. FAC ¶ 119. Defendant Sica initially refused to move Plaintiff,

9    merely informing building staff to put a cap on Plaintiff's cell. FAC ¶ 120. On several occasions,

10   however, inmates would attempt to get into the cell to harm Plaintiff. Plaintiff was then escorted

11   back to Defendant Sica, who asked for information on the threatening inmates. FAC ¶ 121.

12   Plaintiff was then transferred to administrative segregation for safety reasons. FAC ¶ 123.

13                  **2.      Argument in Support of Motions for Summary Judgment**

14          On October 9, 2013, Defendants Agu, Valdivia, Sica and Trimble moved for summary

15   judgment on the ground that Plaintiff failed to file an inmate appeal grieving the facts underlying

16   his Eighth Amendment failure to protect claim, and his First Amendment retaliation claim.  On

17   March 26, 2014, Defendant Lopez also moved for summary judgment on the same grounds.

18   Defendants state that Plaintiff filed one administrative appeal, log number KVSP-10-00468, on

19   matters relating to events referenced in his First Amended Complaint.  (Defs.' Mot. Summ. J.,

20   Exs. A, B.)  This appeal was denied at the third formal level of review.  Defendants contend the

21   appeal made no reference to Plaintiff being moved from one building to another, in retaliation for

22   filing grievances or otherwise, and it made no reference of Plaintiff informing Lopez, or anyone,

23   that inmate Beck was his enemy and located in the building to which he was being moved.  The

24   appeal made no mention at all of the alleged attack by Beck.  Therefore, Defendants argue that the

25   appeal did not exhaust Plaintiff's claims for failure to protect in violation of the Eighth

26   Amendment, or retaliation in violation of the First Amendment.

27                  **3.      Plaintiff's Opposition Argument**

28          In response, Plaintiff contends that he continually attempted to submit the appeal to

                                                    7

1  Defendants Agu, Trimble, and others, but he was thwarted at every turn.  He contends that his

2  appeal was willfully delayed and subverted, ultimately preventing him from pursuing his

3  administrate remedies.

4      **C.      <u>Findings</u>**

5      It is undisputed that Plaintiff exhausted his administrative remedies with respect to log

6  number KVSP-10-00468.   In addition, the parties do not dispute that this appeal made no

7  reference to Plaintiff's potential move to another building, or that Plaintiff had warned Lopez or

8  anyone else that the building housed inmate Beck, who was an enemy of Plaintiff.  Plaintiff argues

9  that his attempts to exhaust were thwarted.   Accepting Plaintiff's contentions as true, it is

10 undisputed that his attempts only involved appeal number KVSP-10-00468, which was eventually

11 exhausted.  Therefore, the issue here is whether that inmate appeal was sufficient to exhaust the

12 administrative remedies as to all of the failure to protect and retaliation claims being litigated in

13 this action.

14      An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the

15 problem for which the prisoner seeks redress," and "the prisoner need only provide the level of

16 detail required by the prison's regulations."  <u>Sapp</u>, 623 F.3d at 824.  CDCR's regulations require a

17 description of "the specific issue under appeal and the relief requested," and a description of the

18 staff members involved and their involvement. § 3084.2(a).

19      The Court finds that Plaintiff's administrative appeal did not suffice to exhaust portions of

20 his failure to protect claim or retaliation claims because the appeal did not provide sufficient

21 notice to Defendants.   In particular, Plaintiff failed to exhaust his retaliation claim against

22 Defendant Lopez for Lopez's alleged conduct in transferring Plaintiff to a building with a known

23 enemy and in providing other inmates with an article concerning his conviction.   Plaintiff's

24 administrative appeal only involved threatening statements made by Lopez because Plaintiff had

25 prepared an appeal regarding Defendant Valdivia's conduct.  This was insufficient to alert prison

26 officials of the specific wrong Plaintiff complains of, that Lopez allegedly retaliated by

27 transferring Plaintiff to a building housing his known enemy despite warnings by Plaintiff, or that

28 Lopez allegedly retaliated by providing information concerning his crime to other inmates.

1   Therefore, that portion of Plaintiff's retaliation claim should be dismissed without prejudiced.

2   Likewise, Plaintiff failed to exhaust his Eighth Amendment failure to protect claim as to

3   Defendant Lopez with respect to his allegation that Lopez transferred Plaintiff to a building with a

4   known enemy and provided information concerning his crime to other inmates.

5        The Court finds that Plaintiff did not exhaust his Eighth Amendment failure to protect

6   claim or his First Amendment retaliation claim involving Lopez's alleged conduct in transferring

7   Plaintiff to a building with a known enemy, and his alleged actions in providing information to

8   other inmates concerning his crime, and Defendants are entitled to summary judgment.  Fed. R.

9   Civ. P. 56; Albino, 747 F.3d at 1166.  The motion should be denied in all other respects.

10       The Court finds the First Amended Complaint should proceed on the following claims: 1)

11  Retaliation in violation of the First Amendment against Defendants Valdivia and Lopez for

12  allegedly making threatening statements against Plaintiff because Plaintiff had prepared an appeal

13  regarding Defendant Valdivia's conduct; 2) Retaliation in violation of the First Amendment

14  against Defendants Trimble and Agu for allegedly refusing to accept Plaintiff's appeal because he

15  had written one against Valdivia; 3) Failure to protect in violation of the Eighth Amendment

16  against Defendant Valdivia for allegedly informing inmate Tamayo that Plaintiff was a

17  homosexual, which led to threats of harm by Tamayo and other inmates; and 4) Failure to protect

18  in violation of the Eighth Amendment against Defendants Agu and Sica for allegedly having been

19  informed of Plaintiff's safety concerns because of Valdivia's actions, but failing to act to prevent

20  harm.

21  **IV.    Recommendations**

22       For the reasons set forth herein, Court RECOMMENDS that Defendants' motions for

23  summary judgment for failure to exhaust, filed on October 9, 2013, and March 26, 2014, be

24  GRANTED IN PART and DENIED IN PART.

25       These Findings and Recommendations will be submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

27  **thirty (30) days** after being served with these Findings and Recommendations, the parties may

28  file written objections with the Court.   The document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

2  objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.

3  Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

4  (9th Cir. 1991)).

5

6  IT IS SO ORDERED.

7     Dated:   **February 11, 2015**                    /s/ *Dennis L. Beck*

8                                                  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28