1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10   HORACE MANN WILLIAMS,                    Case No. 1:12-cv-00730 LJO DLB PC

11          Plaintiff,                        ORDER REGARDING DEFENDANTS'
                                              REQUEST FOR FURTHER BRIEFING
12          v.                                SCHEDULE REGARDING EXHAUSTION
                                              SUMMARY JUDGMENT MOTION
13   MARISOL, et al.,                         [ECF No. 83]

14          Defendants.                       ORDER MODIFYING DISCOVERY AND
                                              SCHEDULING ORDER
15   _____/     [ECF No. 80]

16

17   **I.      Procedural History**

18          Plaintiff Horace Mann Williams ("Plaintiff"), a state prisoner proceeding pro se and in

19   forma pauperis, filed this civil rights action on May 4, 2012.  42 U.S.C. § 1983.

20          On May 13, 2013, the Court screened Plaintiff's First Amended Complaint ("FAC") and

21   found cognizable claims against 1) Defendants Valdivia, Agu, Lopez, and Trimble for retaliation

22   in violation of the First Amendment; and 2) Defendants Marisol[1], Sica, Agu, Valdivia, and Lopez

23   for failure to protect Plaintiff from serious harm in violation of the Eighth Amendment. The Court

24   dismissed all other claims and Defendants.

25          On October 9, 2013, Defendants Agu, Valdivia, Sica and Trimble filed a motion to dismiss

26   under Fed. R. Civ. P. 12(b)(6) on the grounds that the FAC fails to state a claim upon which relief

27   may be granted, and under the unenumerated provisions of Fed. R. Civ. P. 12(b) on the ground

28
_____
[1] Defendant Marisol was dismissed from the action on October 31, 2014.

that Plaintiff failed to exhaust administrative remedies before he filed suit.  On March 26, 2014, Defendant Lopez filed a motion to dismiss under the unenumerated provisions of Fed. R. Civ. P. 12(b) on the ground that Plaintiff failed to exhaust his available administrative remedies before he filed suit.

On April 16, 2014, following the Ninth Circuit's decision in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014), the Court issued an Order converting the exhaustion portion of Defendants' motions to dismiss to motions for summary judgment.  On October 31, 2014, the Court denied Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the ground that the FAC fails to state a claim upon which relief may be granted by Defendants Agu, Valdivia, Sica, and Trimble. By separate order, the Court will issue a Findings and Recommendation regarding Defendants' motions for summary judgment.

On December 9, 2014, the Court issued a Discovery and Scheduling Order.  The order set deadlines for filing motions based on exhaustion, and overlooked Defendants' outstanding motions for summary judgment.  Insofar as motions based on exhaustion have already been filed and will be addressed by separate order, the Court hereby MODIFIES the Discovery and Scheduling Order to delete the deadlines set with respect to the issue of exhaustion.

IT IS SO ORDERED.

   Dated:    **February 11, 2015**               /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

2