# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE MANN WILLIAMS, | Case No. 1:12-cv-00730-LJO-SKO (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF** |
| v. | |
| CATE, et al., | **(Doc. 102, 103)** |
| Defendants. | **TWENTY-ONE (21) DAY DEADLINE** |

On July 26, 2017, Plaintiff filed a motion seeking an order directing that two boxes of his legal materials which are stored at the California Substance Abuse Treatment Facility ("SATF") be sent to him at his current facility of incarceration -- Mule Creek State Prison ("MCSP"). (Doc. 102.) On August 7, 2017, Plaintiff filed another motion in which he indicates that he has received one of the boxes of his legal materials from SATF, but that he needs the other one as well to prosecute this action. (Doc. 103.) Both of these motions are construed as seeking preliminary injunctive relief.

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted);

1

*Mayfield*, 599 F.3d at 969.

The claims on which Plaintiff proceeds in this action arise from events that occurred at Kern Valley State Prison ("KVSP"). However, Plaintiff was apparently transferred to SATF and is currently housed at MCSP. Plaintiff thus lacks standing in this action to seek relief directed at remedying his current conditions of confinement at MCSP or to require SATF staff to forward his legal property to him. Thus, Plaintiff's motions for a preliminary injunction should be denied.[1] However, the Wardens and Litigation Offices at SATF and MCSP, as well as defense counsel, are requested to look into the matter and facilitate the delivery of the second box of legal property from SATF to Plaintiff at MCSP.

Accordingly, the Court **HEREBY RECOMMENDS** that Plaintiff's motions for injunctive relief, filed on July 26, 2017, (Doc. 102) and August 7, 2017, (Doc. 103), be **DENIED**. The Clerk's Office is directed to forward a copy of this order and Plaintiff's motions to the Wardens' offices and Litigation Coordinators at SATF and MCSP to assist them with attempting to locate and facilitating the delivery of Plaintiff's second box of legal property.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 8, 2017**           /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that Plaintiff lacks standing on this issue.

2